```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

CREDIT ACCEPTANCE CORP.,        )
                                )
     Appellant,                 )
                                )
vs.                             )    Civil Action No. CV-96-S-1859-S
                                )
BEVERLY ROYAL,                  )
                                )
     Appellee.                  )
```

FILED
98 MAY 12 AM 10: 43
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 1 2 1998

## MEMORANDUM OPINION

This is an appeal from the United States Bankruptcy Court for the Northern District of Alabama, Southern Division. Appellants contest the bankruptcy court's order remanding this action to the Circuit Court of Jefferson County, Alabama. Upon consideration of the record and briefs, this court is of the opinion that the bankruptcy court's decision to remand this action to state court is due to be affirmed.

### I.  JURISDICTION

This court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a), which provides that all final judgments, orders, and decrees of bankruptcy judges shall be appealable to the federal district court embracing the district where the bankruptcy judge serves. While an order by a bankruptcy judge remanding an action to state court is not reviewable by the courts of appeals or the Supreme Court of the United States, such an order may be reviewed by the appropriate district court. *Scherer v. Carroll*, 150 B.R. 549, 551 (Bankr. D. Vt. 1993); *In re Ramada Inn-Paragould General*

*Partnership*, 138 B.R. 63, 64 (Bankr. E. D. Ark. 1992)("If the bankruptcy court remands a case, an appeal to the district court is permitted").

## II. STANDARD OF REVIEW

The district court, acting as an appellate court, reviews the bankruptcy court's legal conclusions *de novo*. Thus, the district court may independently examine the applicable law and draw its own conclusions after applying the law to the facts without regard to the decision of the bankruptcy court. *In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir. 1990); *In re Goerg*, 930 F.2d 1563, 1566 (11th Cir. 1991).

## III. PROCEDURAL HISTORY AND FACTS

Beverly Royal filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 25, 1994. Credit Acceptance Corporation filed a proof of claim, asserting a secured debt of $4,540.30. Royal's bankruptcy case was confirmed on January 3, 1995, and remained pending in bankruptcy court at the time of the events relevant to this appeal.[1]

Royal filed the complaint which underlies this appeal in the Circuit Court of Jefferson County on January 17, 1996 against defendants Walt Allinder Diahatsu, Credit Acceptance Corporation (CAC), and Western Diversified Life Insurance Company (Western). The suit springs from an installment contract for the purchase of an automobile from Walt Allinder Diahatsu. That contract contained

---

[1] The current status of that action is not revealed in the record before the court.

2

charges for credit life insurance and "documentary or delivery or clerical fees," all paid by Royal. (Complaint ¶¶ 5-7, 42.) Royal alleges that CAC "advanced the premium and/or earned a commission on the premium and/or provided some or all of the documents for the transaction." (Complaint ¶ 7.) Western is the insurer who wrote the insurance provided by the contract. (*Id.* ¶¶ 6, 8-9.) Royal asserts claims arising from that contract against all three defendants for breach of contract, fraud, outrage, unconscionability, violations of Alabama's Mini-Code, breach of trust and fiduciary duty, and civil conspiracy.

Defendant CAC filed its notice of removal to the United States Bankruptcy Court for the Northern District of Alabama on March 1, 1996.[2] All defendants joined in that removal. Royal moved to remand the action to state court on March 18, 1996. By order entered June 13, 1996, the bankruptcy judge granted Royal's motion.

CAC filed notice of appeal to this court on June 20, 1996. Western filed its notice of appeal on June 28, 1996. Each appeal was assigned a different civil action number (CV-96-S-1859-S and CV-96-P-1858-S, respectively) and a different judge. The undersigned denied CAC's motion to consolidate the two appeals by order entered September 11, 1996. Accordingly, each appeal proceeds independently.[3]

---

[2] CAC asserts it was not served with a copy of the summons and complaint until February 2, 1996. Thus, defendant's notice of removal, filed on March 1, 1996, was timely filed. *See* Fed. R. Bankr. P. 9027(a)(3).

[3] The court takes judicial notice of the fact that, upon joint stipulation of dismissal by the parties, Chief Judge Sam C. Pointer Jr. entered an order dismissing Western's appeal in CV-96-P-1858-S on March 30, 1998. No such stipulation has been filed in this case, however.

3

## IV. DISCUSSION

The issue on appeal[4] is whether the bankruptcy court erred in remanding this action to state court under 28 U.S.C. § 1452(b), which grants discretion to the bankruptcy court to remand a claim or cause of action "on any equitable ground." The phrase "any equitable ground" is interpreted broadly, because § 1452(b) "favors comity and the resolution of state law questions by state courts." *Roddam v. Metro Loans, Inc. (In re Roddam)*, 193 B.R. 971, 975 (Bankr. N.D. Ala. 1996).

With that guiding principle in mind, a district court considers the following factors in its review of the order of remand:

> (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.

*Thomasson v. AmSouth Bank, N.A.*, 59 B.R. 997, 1001 (Bankr. N.D. Ala. 1986)(citing *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984)). Moreover, many courts consider the five requirements for mandatory abstention set forth in 28 U.S.C. § 1334(c)(2) when determining the propriety of equitable remand.

---

[4] In its remand opinion, the bankruptcy court held that subject matter jurisdiction over this controversy was proper. This court agrees with that determination. Nevertheless, a court may remand a case to state court for equitable reasons even if jurisdiction exists. *See* Cook v. Griffin, 102 B.R. 875, 876 (Bankr. N.D. Ga. 1989). Thus, the jurisdictional question is relevant to this appeal only to the extent discussed in Section IV.2. *infra*.

4

*See, e.g., Thomasson*, 59 B.R. at 1009.

### 1. Equitable factors

There is no evidence that either party will be inconvenienced by remand of this case, or that bifurcation is a relevant issue. Although this court is confident it is fully qualified to render a decision requiring application of the laws of the State of Alabama, the Circuit Court of Jefferson County undoubtedly is more experienced in adjudicating state law claims such as those brought by plaintiff. Plaintiff asserts no claims which require application of federal law, or which require determinations unique to bankruptcy law. Thus, the state court is "in the best posture to provide a prompt resolution" of this case. *Roper v. American Health & Fire Insurance, Co. (In re Roper)*, 203 B.R. 326, 338 (Bankr. N.D. Ala. 1996). In noncore proceedings, *i.e.*, cases where state law governs,[5] "Congress has made it plain that ... federal courts should not rush to usurp the traditional precincts of the state court." *Traylor v. First Family Financial Services, Inc. (In re Traylor)*, 192 B.R. 255, 259 (M.D. Ala. 1995)(quoting *Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.*, 130 B.R. 405, 409 (Bankr. S.D.N.Y. 1991)).

CAC argues that remand results in duplicative waste of judicial resources and could permit inconsistent results, because the validity of its secured lien must be determined in both the

---

[5] For more detailed discussion on the distinction between core and noncore proceedings in the context of reviewing a remand order, see Section IV.2. *infra*.

5

bankruptcy proceeding and this action.[6] Yet, Royal already has reaffirmed her obligation regarding CAC's claim in bankruptcy, and a distribution plan was confirmed more than one year before this action was filed. Upon confirmation, the "rights, duties and relationships of the parties become fixed." *In re Roper*, 203 B.R. at 333 (Bankr. N.D. Ala. 1996)(citing 11 U.S.C. § 1327). Thus, principles of *res judicata,* judicial estoppel, or collateral estoppel, if timely raised by CAC in state court, may act to prevent inconsistent results on identical issues, and will conserve judicial resources as to those issues. *See Sun Finance Co. v. Howard (In re Howard)*, 972 F.2d 639, 641 (5th Cir. 1992). Contrary to CAC's argument, these factors do not weigh against remand.

CAC contends that Royal will not be prejudiced if this action remains in federal court, but that her creditors will be prejudiced if it is remanded. Again, the court notes this argument would be more compelling if Royal's bankruptcy obligations had not already been fixed by confirmation. Moreover, the relevant inquiry here is whether the "involuntarily removed part[y]" will be prejudiced by remaining in federal court. Prejudice to Royal's creditors is immaterial to that analysis. The court notes that Royal has requested a jury trial of her state law claims. Although a bankruptcy court may conduct a jury trial if specially designated

---

[6] The court notes that Royal's complaint seeks compensatory and punitive damages for breach of contract, fraud, violations of Alabama's Mini-Code, and civil conspiracy in relation to the contract on which CAC's lien is based. Thus, even though the validity of CAC's lien could arguably be affected by resolution of those claims in Royal's favor, such a result is incidental, not central, to Royal's state action.

6

by the district court to do so, the consent of all parties is required. 28 U.S.C. § 157(e). The record reveals no evidence that all parties to this action have so consented. There is a potential for prejudice to Royal if the cost of remaining in federal court is loss of her right to a trial by jury. Accordingly, this factor supports remand.

Finally, remand is consistent with the guiding principles of comity and preference for state court adjudication of state law claims. The court finds that the relevant equitable factors justify remand.

## 2. Abstention factors

Mandatory abstention applies only to non-core proceedings. *Walker v. Commercial Credit Corp.*, 192 B.R. 260, 267 (M.D. Ala. 1996). Thus, for purposes of considering whether the mandatory abstention factors enunciated in § 1334(c)(2) support remand of this case, it is important to determine whether this suit constitutes a "core" proceeding or a "non-core" proceeding.

"If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under § 157(c)(1) it is an 'otherwise related' or non-core proceeding." *In re Davis*, 899 F.2d 1136, 1140-1141 (11th Cir. 1990)(citing *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)); *see also Walker*, 192 B.R. at 267 (a core proceeding does not exist "but for"

7

bankruptcy).

Royal's complaint asserts claims arising solely under Alabama law; it does not rely on the Bankruptcy Code for its existence. It is, however, related to Royal's bankruptcy proceeding because it may have some effect on that action. Thus, this action is a non-core proceeding. Federal jurisdiction over such a matter exists solely under 28 U.S.C. § 1334(b)'s "related to" provision.[7]

A bankruptcy court must abstain from hearing a civil action if: (1) a timely motion to abstain is made by a party to the proceeding; (2) the proceeding is based on a state law claim or state law cause of action; (3) the proceeding is related to a title 11 case, but does not arise under title 11 or out of a title 11 case; (4) the proceeding could not have been commenced in federal court but for jurisdiction under § 1334; and (5) the proceeding is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2); *see also St. Vincent's Hospital v. Norrell (In re Norrell)*, 198 B.R. 987, 997 (Bankr. N.D. Ala. 1996). Section 1334(c) thus requires "federal courts to allow state courts to hear state law matters when the only basis for federal jurisdiction is § 1334(b)." *Thomasson*, 59 B.R. at 1002.

Royal filed a motion to remand or, alternatively to abstain and remand in the bankruptcy court on March 16, 1996. (Appellant's

---

[7] That section provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis supplied).

8

Designation of Record on Appeal, Exhibit 3.) As already discussed, Royal's complaint is based upon state law causes of action which are related to a bankruptcy proceeding, but which do not arise under the Bankruptcy Code. Federal jurisdiction is based only upon § 1334(b). Thus, the first, second, third, and fourth factors support remand. This action was commenced in state court, and appellant has not presented any evidence to demonstrate that the state court could not timely adjudicate Royal's claims. Absent such evidence, the fifth factor also weighs in favor of remand.[8]

In summary, therefore, the requirements for mandatory abstention "strongly favor equitable remand under § 1452(b)." *Cook v. Griffin*, 102 B.R. 875, 877 (N.D. Ga. 1989); *see also, e.g., In re Norrell*, 198 B.R. at 993 n.4 (where state law claims are "merely related to ... bankruptcy proceeding, ... abstention or remand [is] even more appropriate"). "The presence of facts supporting abstention, when coupled with related considerations of comity and preference for the resolution of state law questions by state law courts, implied in section 1452(b), 'tips the scales in favor of remand....'" *In re Norrell*, 198 B.R. at 998 (quoting *Thomasson*, 59 B.R. at 1002).

### V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order

---

[8] Although the bankruptcy court did not reach the issue, this court finds that all requirements for mandatory abstention have been met. Thus, remand of this action to state court is not only proper, it is required. 28 U.S.C. § 1334(c)(2). It would have been error for the bankruptcy court to deny Royal's motion to remand.

9

remanding this action to state court is due to be affirmed. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 12th day of May, 1998.

_____
United States District Judge

10